# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

THE HONORABLE MIKE KELLY, SEAN PARNELL, THOMAS A. FRANK, NANCY KIERZEK, DEREK MAGEE, ROBIN SAUTER, MICHAEL KINCAID, AND WANDA LOGAN

v.

COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GENERAL ASSEMBLY, HONORABLE THOMAS W. WOLF, KATHY BOOCKVAR

APPEAL OF: COMMONWEALTH OF PENNSYLVANIA, HONORABLE THOMAS W. WOLF, KATHY BOOCKVAR

: No. 68 MAP 2020
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## ORDER

**PER CURIAM**

**AND NOW**, this 28th day of November, 2020, pursuant to 42 Pa.C.S. § 726,[1] we **GRANT** the application for extraordinary jurisdiction filed by the Commonwealth of Pennsylvania, Governor Thomas W. Wolf, and Secretary of the Commonwealth Kathy Boockvar ("Commonwealth"), **VACATE** the Commonwealth Court's order preliminarily enjoining the Commonwealth from taking any further action regarding the certification of the results of the 2020 General Election, and **DISMISS WITH PREJUDICE** the petition

---

[1] Section 726 provides that "[n]otwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or magisterial district judge of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done." 42 Pa.C.S. § 726.

for review filed by the Honorable Mike Kelly, Sean Parnell, Thomas A. Frank, Nancy Kierzek, Derek Magee, Robin Sauter, and Wanda Logan ("Petitioners"). All other outstanding motions are **DISMISSED AS MOOT**.

Petitioners filed the petition for review in Commonwealth Court on November 21, 2020, setting forth a facial challenge to those provisions of Act 77 of 2019,[2] establishing universal mail-in voting in the Commonwealth of Pennsylvania. Petitioners sought a declaration that the aforementioned provisions were unconstitutional and void *ab initio*, and injunctive relief prohibiting the certification of the results of the General Election held on November 3, 2020. As a remedy, Petitioners sought to invalidate the ballots of the millions of Pennsylvania voters who utilized the mail-in voting procedures established by Act 77 and count only those ballots that Petitioners deem to be "legal votes." Alternatively, Petitioners advocated the extraordinary proposition that the court disenfranchise all 6.9 million Pennsylvanians[3] who voted in the General Election and instead "direct[] the General Assembly to choose Pennsylvania's electors." Petition for Review at 24.

Upon consideration of the parties' filings in Commonwealth Court, we hereby dismiss the petition for review with prejudice based upon Petitioners' failure to file their facial constitutional challenge in a timely manner. Petitioners' challenge violates the doctrine of laches given their complete failure to act with due diligence in commencing their facial constitutional challenge, which was ascertainable upon Act 77's enactment. It is well-established that "[l]aches is an equitable doctrine that bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another." *Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998).

---

[2] Act of October 31, 2019, P.L. 552, No. 77 ("Act 77").

[3] See Pennsylvania Department of State, Unofficial Returns, available at: https://www.electionreturns.pa.gov/ (last visited Nov. 27, 2020).

The want of due diligence demonstrated in this matter is unmistakable. Petitioners filed this facial challenge to the mail-in voting statutory provisions more than one year after the enactment of Act 77. At the time this action was filed on November 21, 2020, millions of Pennsylvania voters had already expressed their will in both the June 2020 Primary Election and the November 2020 General Election and the final ballots in the 2020 General Election were being tallied, with the results becoming seemingly apparent. Nevertheless, Petitioners waited to commence this litigation until days before the county boards of election were required to certify the election results to the Secretary of the Commonwealth. Thus, it is beyond cavil that Petitioners failed to act with due diligence in presenting the instant claim. Equally clear is the substantial prejudice arising from Petitioners' failure to institute promptly a facial challenge to the mail-in voting statutory scheme, as such inaction would result in the disenfranchisement of millions of Pennsylvania voters.[4]

Accordingly, we grant the application for extraordinary jurisdiction, vacate the Commonwealth Court's order preliminarily enjoining the Commonwealth from taking any further action regarding the certification of the results of the 2020 General Election, and dismiss with prejudice Petitioners' petition for review. All other outstanding motions are dismissed as moot.

Justice Wecht files a concurring statement.

Chief Justice Saylor files a concurring and dissenting statement in which Justice Mundy joins.

---

[4] While the Commonwealth also relies upon Section 13(3) of Act 77, providing for a 180-day period in which constitutional challenges may be commenced, given our reliance upon the doctrine of laches, we do not speak to this basis for dismissal.